IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY BARNES,

    Petitioner,

v.                                                        No. 19-cv-514 JB-KRS

MARK BOWEN, *et al*,

    Respondents.

## OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Terry Barnes' 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2). Petitioner asks the Court to modify his state criminal sentences for, inter alia, kidnapping and indecent exposure. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the Motion but require Petitioner to show cause why his Habeas Petition should not be dismissed as untimely.

## I. Procedural Background[1]

In 2012, Petitioner pled guilty in New Mexico's Second Judicial District Court to the following charges: (1) aggravated indecent exposure; (2) kidnapping; (3) attempted sexual contact of a minor; and (4) aggravated burglary. (Doc. 1 at 1). The state court sentenced Petitioner to a total term of 34.5 years imprisonment. (Judgment in Case No. D-202-CR-2010-02798). Judgment on the conviction and sentence was entered January 17, 2012. *Id.* The state court amended the Judgment on October 17, 2013 to reflect an indeterminate period of parole.

---

[1] The Court took judicial notice of the state court docket in Petitioner's criminal case, Case No. D-202-CR-2010-02798. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

(Amended Judgment in Case No. D-202-CR-2010-02798). Petitioner did not initially appeal, and neither the state docket nor the petition reflects any case activity for the next 22 months. *Id.*

On July 30, 2015, Petitioner filed a state habeas petition. (Doc. 1 at 3; Habeas Petition in Case No. D-202-CR-2010-02798). The state court denied the petition on March 16, 2016, finding the plea was knowing and voluntary. (CLS: Order on Writ of Habeas Corpus in Case No. D-202-CR-2010-02798). Over the next two years, Petitioner continued to file state habeas petitions or other motions seeking post-judgment relief. (Docket sheet in Case No. D-202-CR-2010-02798). It appears the New Mexico Supreme Court ("NMSC") denied certiorari relief in connection with the most recent petition on June 12, 2018. (Doc. 1 at 51).

On June 3, 2019, Petitioner filed the instant § 2254 proceeding. He contends his plea was involuntary due to ineffective assistance of counsel and incompetency. Petitioner filed an *in formal pauperis* motion to support the Petition, and the matter is ready for initial review.

## II. *In Forma Pauperis* Motion

As an initial matter, Petitioner seeks to prosecute this habeas action without prepaying the $5 filing fee. *In forma pauperis* relief is available where the petitioner's statement of assets demonstrates he is unable to prepay the filing fee before commencing suit. *See* 28 U.S.C. § 1915(a). Petitioner's affidavit indicates he currently has no income or assets. (Doc. 2). The Court will therefore grant the Motion. Petitioner is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time. *See* 28 U.S.C. § 1915(a).

## III. Initial Review of the § 2254 Petition

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

> (1) While a state habeas petition is pending, § 2244(d)(2);
> (2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);
> (3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or
> (4) Where the factual basis for the claim could not have been discovered until later.

§ 2244(d)(1)(C). Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the Amended Judgment was entered on October 17, 2013, and Petitioner did not appeal. Consequently, his conviction became final no later than November 19, 2013, the first business day following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). There was no case activity during the next year, and the one-year period expired on November 19, 2014. Any state habeas petitions filed after that date did not—as Petitioner may believe—restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). The § 2254

Petition filed on June 3, 2019 therefore appears to be time-barred.

Based on the forgoing, the Court will require Petitioner to show cause within thirty (30) days of entry of this Order why his § 2254 Petition should not be dismissed as untimely. If Petitioner concedes the point or otherwise declines to respond to this Order, the Court will dismiss this habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar ... may be raised by a court sua sponte.... [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE